THE CINCINNATI, MILFORD & LOVELAND TRACTION CO. v. HATFIELD.

*Trial—Evidence—Adverse witness may be contradicted or impeached, when—Previous statements or inconsistent acts.*

An adverse witness may, on proper foundation being laid, be contradicted or impeached by proof of his statements or acts inconsistent with his testimony on the trial.

(Decided August 6, 1913.)

ERROR: Court of Appeals for Clermont county.

JONES, O. B., J.; JONES, E. H., J., concurring. SWING, J., not sitting.

This is a proceeding to reverse the judgment obtained against the plaintiff in error by Vena Hatfield, defendant in error, for an injury claimed to have been received in attempting to board one of its traction cars as a passenger at Conover's stop, in Clermont county, Ohio, in February, 1908. The car had stopped at that station for the purpose of taking on passengers. Her father and brother had preceded her in boarding the car, and she was in the act of getting on the car, with one foot on the step and her left hand holding to one of the handlebars, when the car was started and she was thrown from the step, and her hand and wrist slipped through the handlebar between it and the end of the car in such a way that she could not withdraw it, and she was dragged for some little distance—about seventy-five or a hundred yards —before the car was again stopped and she was released and taken on the car. As a result of said injuries her arm became stiff and she lost the entire use of the elbow joint. It is apparent that the injury was not given the prompt attention which it deserved, as no regular physician was called to treat it until she went to the hospital about four months after the accident.

There is considerable conflict in the evidence, the traction company denying that the accident occurred at all upon its car, and the case has been tried before a jury three different times, resulting each time in a verdict for the plaintiff. The present verdict of $4,000 was reduced by consent of plaintiff, at the suggestion of the trial judge, by remittitur of $1,400.

A number or errors are urged and fully argued
by counsel for plaintiff in error, but a careful ex-
amination of the entire record fails to show us any
prejudicial error as against plaintiff in error, or
any reason why the verdict of the jury should be
disturbed by a reviewing court.

It is specially contended by counsel for plaintiff
in error that the testimony of the witnesses Cherry
and Johnson as found in the present record is the
same as the testimony of the same witnesses in the
last previous trial, which was found by the supreme
court in its unreported decision, *The C., M. & L.
Traction Co.* v. *Hatfield*, 86 Ohio St., 355, to have
been hearsay.    Counsel are not accurate in this
contention, as the testimony of the witness John-
son is not found at all in the present record, and
the only testimony given by the witness Cherry is
the statement which directly contradicts the testi-
mony of the witness Jap Slone, the foundation for
such contradiction having first been laid by asking
the same question of Slone.    The testimony given
by both the witnesses, Cherry and Johnson, in the
previous trial, contains objectionable hearsay other
than the testimony of the witness Cherry which
is reported in this record and to which exceptions
had been reserved, and the ruling of the supreme
court, in basing the reversal in part upon the im-
proper admission of that hearsay testimony, was
undoubtedly correct.    The court did not point out
the particular question and answer in the testimony
of the witness Cherry, which alone appear in this
record, as being embraced in such objectionable
hearsay, and no doubt referred to the other objec-

tionable testimony.  We think that Cherry's testimony in this case is competent as coming within the rule laid down in Abbott's Civ. Jury Trials (3 ed), 228, and *Attorney-General* v. *Hitchcock,* 1 Exch., 99; *Kent* v. *State,* 42 Ohio St., 426. A question vital to the case, whether the injury was caused by the traction company, by a fall on the ice or by scuffling, was involved in the testimony of Cherry, and it was properly introduced as proving that the witness Slone had made a statement to him contradicting other parts of his testimony in which he denied any knowledge of an injury to her by the traction company.

The admission of so much of Cherry's testimony as is contained in this record is not therefore, in the opinion of this court, prejudicial error or in conflict with the ruling of the supreme court.

*Judgment affirmed.*

*Mr. Thorne Baker* and *Mr. Eli H. Spiedel,* for plaintiff in error.

*Mr. C. C. Kearns; Mr. Louis Hicks* and *Messrs. Griffiths & Nichols,* for defendant in error.